AO 91 (Rev. 11/11)  Criminal Complaint

**FILED**

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

AUG 0 9 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK



| United States of America | ) |
|---|---|
| v. | ) |
| Mario Chavez VALENCIA | ) Case No. 2:19-MJ 0126- ___ DB |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 31, 2019,__ in the county of __Plumas__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1) | manufacture of at least 1,000 marijuana plants, and conspiracy to manufacture at least 1,000 marijuana plants |

This criminal complaint is based on these facts:

See attached affidavit of US Forest Service Special Agent Darren Dicharry

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Darren Dicharry, US Forest Service Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8-9-19

_____
*Judge's signature*

City and state:   Sacramento, California          Hon. Deborah Barnes, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT

I, Darren Dicharry, being duly sworn, hereby declare under penalty of perjury the facts presented below are true and accurate to the best of my knowledge.

### I. INTRODUCTION AND AFFIANT'S BACKGROUND AND EXPERIENCE

1. I make this affidavit in support of the issuance of a Criminal Complaint and Arrest Warrant against Mario Chavez Valencia for violations 21 U.S.C. § 841(a)(1), manufacture of at least 1,000 marijuana plants, and 21 U.S.C. § 846, conspiracy to manufacture at least 1,000 marijuana plants.

2. I am a Special Agent (SA) employed by the United States Forest Service (USFS). I have been a Special Agent since June of 2017. I am a "law enforcement officer" "of the United States" within the meaning of 18 U.S.C. § 2510(7), who is empowered by law to conduct investigations of, and to initiate arrests for, various offenses involving national forest lands, including Title 21 offenses outlawing the manufacture of marijuana. The facts in this affidavit come from my personal observations, my training and experience, and information, which I believe to be true, obtained from other agents and law enforcement officers, and my review of documents related to this investigation. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and arrest warrant and does not set forth all of my knowledge about this matter.

3. I have received seven months of full time, formalized training at the Federal Law Enforcement Training Center in Brunswick, Georgia. A portion of that training regarding controlled substances included, but was not limited to, identification, detection, smuggling, interdiction, undercover operations, money laundering techniques, manufacture, transportation, concealment, and sales, and the investigation of individuals and organizations involved in such criminal activities. I have participated in numerous investigations involving controlled substances. I have also conducted countless hours of surveillance, observing and recording movements of persons trafficking drugs and those suspected of trafficking drugs. Additionally, I have participated in and/or executed numerous search warrants authorizing the search of locations such as residences, cell phones, and vehicles related to drug traffickers and their co-conspirators. These investigations have resulted in arrests of numerous individuals, and the seizure of illicit drugs and drug-related evidence.

4.      Up until my employment with the U.S. Forest Service, I was employed with the Glenn County Sheriff's Office from July of 2003 until August of 2012. During this time, I was assigned to Corrections for the first two years of employment and then to patrol as a deputy sheriff for the following 7 ½ years, 4 of those years I was assigned to the Glenn-Interagency-Narcotics-Task-Force. 5 of those 7 ½ years I was also assigned to the Glenn County Marijuana Eradication Team. Over the course of the 7 ½ years, I received extensive training and experience in narcotics investigations.

5.      As a result of my experience, I have become familiar with the day-to-day operations and the various practices, tools, trends, paraphernalia, and related articles utilized by various drug traffickers and manufacturers in their efforts to cultivate, possess, import, conceal, and distribute controlled substances, including marijuana manufacturing.

## II.    STATEMENT OF PROBABLE CAUSE

6.      On July 16, 2019, Plumas County Sheriff's Office (PCSO) Detectives did a distance overflight of a suspected marijuana grow, referred to as the Crocker Grow, located at N 39 54.186 W 120 25.790, near Crocker Mountain in Plumas County, in the State and Eastern District of California.[1] During the flight, PCSO Detective Hendrickson saw that there were marijuana plants in the garden. Detective Hendrickson estimated there were between 5,000 to 10,000 marijuana plants in the garden.[2]

7.      On July 31, 2019, members of the Plumas County Sheriff's Office, Forest Service, Fish and Wildlife, the CAMP helicopter crew and 2 members from IERC, assisted in eradicating the Crocker Grow. Officers found plants on the northwest side of the grow. As they slowly entered the grow site, Fish and Wildlife Officer Buckler saw a Hispanic male adult, later identified as Mario VALENCIA, in the middle of the plants. Officers held cover and observed for about 15 minutes. Another Hispanic male was seen in the garden about 50 feet east of VALENCIA. Detective Hendrickson saw that VALENCIA was taking apart poly pipe and putting other pieces of pipe together. Detective Hendrickson also saw VALENCIA water several grow holes that had two- to three-foot tall marijuana

---

[1] This grow had previously been identified in summer 2018 through aerial surveillance, but the plants had been harvested by the time the grow was searched.

[2] Detective Hendrickson has spotted marijuana during aerial recons no less than 50 times. Detective Hendrickson also attended the DEA Aerial Observation course which consisted of 40 hours of instruction in observing marijuana during aerial recons.

plants in them.

8.  At times VALENCIA and the other individual would converse back and forth, but officers could not hear what they were saying. Two officers started slowly walking towards VALENCIA and the other individual. When the officers got within 50 feet of VALENCIA and the other individual, Detective Hendrickson saw VALENCIA look up and act as though he had spotted them. The officers identified themselves as law enforcement and ordered VALENCIA to not move or they would release the dogs. VALENCIA started to turn and took several steps, and the officers released their dogs.

9.  When one of the dogs got within thirty feet of VALENCIA, VALENCIA looked back then turned towards Officers and put his hands off to the sides of his body and slightly raised. The dog was called off and did not engage VALENCIA. Detective Hendrickson approached VALENCIA and placed him in handcuffs while three other officers tried, unsuccessfully, to locate the other individual, who had fled. VALENCIA was arrested and transported out of the grow.

10.  Detectives searched the grow. They found a sleeping area that was open air with only a tarp draped over tree stumps. There was one area that appeared was used for sleeping for two people. There were personal items, such as clothing, towels, food, and a makeshift kitchen area with a propane burner stove. There were also several over the counter fertilizer bags in and around this area as well as bug chemicals and mouse traps.

11.  Officers also found a sprawling marijuana grow. The marijuana plants were planted from the northwest towards the southeast in "corn" row type patters. The garden was mostly facing northeast on a gently sloping northeasterly face. There were very few holes with just one plant in the holes. The vast majority had 3-5 marijuana plants in each hole with many of the holes having upwards of 7 plants per hole.

12.  The officers started to remove and destroy the marijuana plants. As they did so, they counted the plants, and counted 11,232 marijuana plants in total.

### III. CONCLUSION

13.  Based on the above information, I believe there is probable cause to believe that Mario VALENCIA has violated 21 U.S.C. § 841(a)(1), manufacture of at least 1,000 marijuana plants, and 21

U.S.C. § 846, conspiracy to manufacture at least 1,000 marijuana plants. I request that the Court issue the Criminal Complaint and Arrest Warrant sought herein.

Respectfully submitted,

DARREN DICHARRY
Special Agent
United States Forest Service

Swore to and subscribed before me
This 9th day of August, 2019

HON. DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

Approved as to form on August 9, 2019.

ROSS PEARSON
Assistant United States Attorney

4